IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELAINE WELCH, Parent and Natural          :          CIVIL ACTION NO. **4:CV-09-2437**
Guardian of C. W., a Minor,               :
                                          :          (Chief Judge Kane)
            Plaintiff                     :
                                          :          (Magistrate Judge Blewitt
            v.                            :
                                          :
REGIS CORPORATION,                        :
                                          :
            Defendant/Third-Party         :
            Plaintiff                     :
                                          :
            v.                            :
                                          :
THE WELLA CORPORATION,                    :
                                          :
            Third-Party Defendant         :

## MEMORANDUM AND ORDER

On April 5, 2011, the Court referred the above case to the undersigned to resolve a discovery dispute between Defendant Regis Corporation ("Regis") and Third Party Defendant The Wella Corporation ("Wella"). (Doc. 115). On April 7, 2011, Defendant Regis sent us 69 pages of documents for *in camera* review *sans* a privilege log. We conducted a telephonic conference regarding the discovery dispute on April 8, 2011, and heard from counsel for all parties, including Plaintiff. (Docs. 116 and 124). The 69 pages of documents Defendant Regis submitted pertained to its Claims Notes created, in part, by its liability specialist, Timothy Karlstad, who investigated the alleged injury of Plaintiff Welch after Regis was notified, one day after the incident, of a potential lawsuit against it by Plaintiff Welch. Counsel for Defendant Wella represented that during Karlstad's deposition, he testified that he did not recall certain specific events related to his

investigation, but that he maintained Claims Notes, in the regular course of business, and that some of the pertinent information was in these Notes. Counsel for Defendant Wella also represented Karlstad stated that the Claims Notes contained the information about his investigation into the alleged incident in which Plaintiff was injured, i.e. Plaintiff suffered severe burning of her scalp during a hair coloring procedure on June 17, 2009, at the Holiday Hair Salon, Loch Haven, Pennsylvania, owned by Defendant Regis in which the stylist was using hair products manufactured by Defendant Wella.[1] Following Karlstad's deposition, it appears that Defendant Wella requested a copy of Defendant Regis's Claims Notes. Defendant Regis asserted that all 69 pages of its Claims Notes were protected by the attorney client privilege and/or the work product doctrine pursuant to Fed.R.Civ.P. 26(b)(3). Herein lies the present dispute.

During the telephone conference we conducted, Defendant Regis argued that Defendant Wella failed to specify which particular documents in the Claims Notes it was seeking and that Wella was merely on a "fishing expedition." Defendant Wella and Plaintiff argued that they did not know precisely which documents in the Claims Notes were relevant since they did not yet possess any page of these Notes. Defendant Wella also contended that a blanket claim of privilege with respect to all 69 pages of Regis's Claims Notes was overbroad and that, since Karlstad testified in his deposition that some of the information about which he was questioned and did not specifically recall was contained in the Claims Notes, it should be produced if it was not privileged.

---

[1]Plaintiff filed suit against Defendant Regis on December 10, 2009. (Doc. 1). Defendant Regis filed its Third Party Complaint against Defendant Wella on March 23, 2010. (Doc. 15).

After hearing from counsel for all three parties, we directed Defendant Regis to submit to the Court by April 11, 2011, a privilege log specifically identifying which of the 69 pages of documents in its Claims Notes previously sent to us were subject to a privilege and which privilege was being asserted, item by item and page by page. Thus, we directed Defendant Regis to specifically identify each page it was asserting protection from disclosure under the attorney client privilege and/or the work product doctrine.

On April 11, 2011, we received Defendant Regis's Privilege Log for its Claims Notes. Defendant Regis's Privilege Log consists of 12 pages and it specifies page by page the privilege(s) asserted for the entire 69 pages of its Claims Notes. Defendant Regis asserts that all 69 pages of its Claims Notes are protected by the attorney client privilege and/or the work product doctrine, and its Privilege Log provides a detailed explanation as to which privilege applies to each Note. Defendant Regis did not send its Privilege Log to Defendant Wella and Plaintiff, but it indicated that it had a revised Privilege Log without detailed explanations which could be sent to Wella and Plaintiff upon our direction. We will direct Defendant Regis to provide Defendant Wella and Plaintiff with its revised Privilege Log.

We have reviewed the 69 pages of Defendant Regis's Claims Notes it submitted to us *in camera*, and its Privilege Log. Defendant Regis's Claims Notes are in reverse chronological order, and they begin on August 31, 2009, on page 69, which pre-dates the commencement of this action by Plaintiff. The Notes then span a time period from August 31, 2009 through January 22, 2011. Pages 69 through 50 (bottom ½ of page) pre-date the commencement of this action by Plaintiff. As discussed below, we find that pages 69 through 50 (bottom ½ of page) were prepared

3

in anticipation of Plaintiff's lawsuit, and that pages 50 (top ½) through 1 were prepared in anticipation of trial.

Initially, we concur with Defendant Wella's contention during the telephone conference that "documents prepared in the regular course of business rather than for purpose of the litigation are not eligible for work-product protection, even if the prospect of litigation exists." *Sullivan v. Warminster Tp.*, 2011 WL 780543, *4 (E.D. Pa. 3-4-11)(citation omitted); *Highland Tank & Mfg. Co. v. PS Intern, Inc.*, 246 F.R.D. 239, 246 (W.D. Pa. 2007)("the work product doctrine 'only protects documents prepared in anticipation of litigation, not in the regular course of business.'")(citation omitted).

As the *Sullivan* Court stated:

> The Third Circuit has defined the attorney-client privilege as follows:
> [t]he traditional elements of the attorney client privilege that
> identify communications that may be protected from disclosure in discovery
> are: (1) the asserted holder of the privilege is or sought to become a client;
> (2) the person to whom the communication was made (a) is a member of the
> bar of a court, or his or her subordinate, and (b) in connection with
> this communication is acting as a lawyer; (3) the communication relates to a
> fact of which the attorney was informed (a) by his client (b) without the
> presence of strangers (c) for the purpose of securing primarily either (i) an
> opinion of law or (ii) legal services or (iii) assistance in some legal proceeding,
> and (d) not for the purpose of committing a crime or tort; and (4) the privilege
> has been (a) claimed and (b) not waived by the client.
>
> *Rhone–Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d
> Cir.1994) (citations omitted). The party claiming that evidence is subject
> to the attorney-client privilege bears the burden of establishing the privilege.
> *United States v. Voigt*, 89 F.3d 1050, 1067 n. 6 (3d Cir.1996). Furthermore,
> "under traditional waiver doctrine a voluntary disclosure to a third party
> waives the attorney-client privilege even if the third party agrees not to
> disclose the communications to anyone else." *Westinghouse Elec. Corp. v.
> Republic of Philippines*, 951 F.2d 1414, 1427 (3d Cir.1991).

4

The work-product privilege is codified by Federal Rule of Civil Procedure 26(b)(3), which states that:

a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed.R.Civ.P. 26(b)(3). As with the attorney-client privilege, the party claiming that evidence is protected attorney work product has the burden of establishing that work-product protection applies. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir.2000). Unlike the attorney-client privilege, disclosure to a third party only waives the work-product privilege if it permits an adversary to gain access to the information. *See Westinghouse Elec. Corp.*, 951 F.2d at 1428 ("Most courts hold that to waive the protection of the work-product doctrine, the disclosure must enable an adversary to gain access to the information.").

2011 WL 780543, *2.

The *Sullivan* Court also stated:

it is the communications and not the underlying facts that are privileged. *See, e.g., Rhone–Poulenc Rorer,* 32 F.3d at 862. Plaintiffs are entitled to discovery regarding the underlying facts of the investigation. It should be further noted, however, that:

The protective cloak of [attorney-client] privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories. *Sampson v. School Dist. of Lancaster,* 262 F.R.D. 469, 474 (E.D.Pa.2008). Such communications are generally protected by the work-product privilege instead. *See id.*

2011 WL 780543, *4.

Further, the *Sullivan* Court stated:

> Under Federal Rule of Civil Procedure 26(b)(3), Plaintiffs "may not
> discover documents and tangible things that are prepared in anticipation of
> litigation or for trial by or for another party or its representative (including the
> other party's attorney, consultant, surety, indemnitor, insurer, or agent)."
> "The question whether a document was prepared in anticipation of litigation
> is often a difficult factual matter." *United States v. Rockwell Int'l,* 897 F.2d 1255,
> 1266 (3d Cir.1990). The Third Circuit has stated that a document is
> created in anticipation of litigation when, "in light of the nature of the
> document and the factual situation in the particular case, the document can
> fairly be said to have been prepared or obtained because of the
> prospect of litigation." *Id.* (citations omitted). In applying this test, courts
> must look to "the state of mind of the party preparing the document or ...
> the party ordering preparation of the document." *Martin v. Bally's Park
> Place Hotel & Casino,* 983 F.2d 1252, 1260 (3d Cir.1993). This inquiry is
> limited by the requirement that the party's anticipation of litigation be
> objectively reasonable. *Id.* Furthermore, documents prepared in the regular
> course of business rather than for purposes of the litigation are not eligible
> for work-product protection, even if the prospect of litigation exists.
> 8 Charles Alan Wright et al., Federal Practice & Procedure § 2024 (3d ed.2010).

2011 WL 780543, *4(emphasis added).  *See also Highland Tank & Mfg. Co. v. PS Intern, Inc.,* 246

F.R.D. at 245-47.

Based upon the above stated principles, we now discuss the 69 pages of Defendant Regis's

Claims Notes.

With respect to pages 1-6 of Defendant Regis's Claims Notes, we agree with Regis's Privilege

Log that they are protected from disclosure by the attorney client privilege and the work product

doctrine. Since the specific  privilege and detailed explanation for the privilege of each page of

Defendant Regis's Claims Notes is stated in Regis's 12-page Privilege Log provided only to us, we

do not repeat this information herein.

6

With respect to pages 7-69 of Defendant Regis's Claims Notes, we agree with Regis's detailed Privilege Log that they are all protected from disclosure by the attorney client privilege and the work product doctrine. Based on our page by page review of Defendant Regis's Claims Notes, these pages (7-69) clearly contain notes of conversations with counsel, mental impressions, opinions, conclusions and strategy, as well as communications regarding defense costs as specified, page by page, in Defendant Regis's Privilege Log.   We find that the state of mind of the representatives of Regis who prepared the Notes in question were anticipating litigation and trial by Plaintiff based on an objectively reasonable standard.

We find that the Claims Notes, including the investigation performed by Karlstad for his employer Defendant Regis, were prepared in anticipation of litigation and trial and, that they were not simply notes of a routine investigation. Thus, we find that all of the 69 pages of Defendant Regis's Claims Notes are entitled to protection from disclosure to Defendant Wella and Plaintiff under the attorney client privilege and/or work-product doctrine as specified by Defendant Regis in its Privilege Log. As stated above, "a document is created in anticipation of litigation when, 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Sullivan*, 2011 WL 780543, *4(citation omitted).

Thus, we accept Defendant Regis's contention that all 69 pages of its Claims Notes, including Notes pertaining to Karlstad's investigation, were prepared in anticipation of litigation and trial. We do not agree with Defendant Wella that the Notes pertaining to Karlstad's investigation are subject to disclosure, since we find that they are all subject to the attorney client privilege and/or work-

7

product doctrine.  We do not find that any of the Notes were simply prepared in the ordinary course of business rather than for purposes of the litigation.  Our *in camera* review also shows that the pages to which Defendant Regis asserts the attorney client privilege on its Privilege Log do in fact contain "information exchanged in order to facilitate the professional relationship between an attorney and his client with regard to ongoing or potential legal proceedings."  *Highland Tank & Mfg. Co. v. PS Intern, Inc.*, 246 F.R.D. at 245.  We further find that several pages of the Claims Notes contain opinion work product as specified in Regis's Privilege Log.[2]   Additionally, there is no claim that Defendant Regis waived any attorney client privilege regarding its Claims Notes.

Defendant Wella also argued that it has a substantial need for the 69 pages of Defendant Regis's Claims Notes, and that it cannot obtain their equivalent by other means.  As stated, Defendant Wella represented that Karlstad testified that some of the specific information regarding questions posed to him during his deposition was contained in the Claims Notes.  As the *Sullivan* Court stated, "[w]ork-product protection is not absolute, and Plaintiffs can obtain otherwise

---

[2]As the Court noted in *Yeakel v. Werner Enterprises, Inc.,* 2008 WL 2120515, *2, n. 2 (M.D. Pa. 5-19-08):

> "Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." *Sporck,* 759 F.2d 314. Opinion work product is entitled to broader protection than ordinary work product: "[s]uch material is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases." *Id.*

8

protected materials if they show that they have 'substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means.'" Fed.R.Civ.P. 26(b)(3)(A)(ii)." *Sullivan,* 2011 WL 780543, *5.

In *Yeakel v. Werner Enterprises, Inc.,* 2008 WL 2120515, *2 (M.D. Pa. 5-19-08), the Court stated that "[e]ven when the material sought does constitute 'work product,' the privilege is not absolute."   Defendant Wella is entitled to work product documents of Defendant Regis if it shows that it has a substantial need of the materials to prepare its case and, that it is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Id.(citation omitted).   Further, as the *Yeakel* Court stated, "[a] determination on privilege, then, requires a specific inquiry into the nature of the document in question and the need of the party seeking discovery for access to it. Indeed, 'the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system.'" *Id.* (citation omitted).

In *Nesselrotte v. Allegheny Energy, Inc.,* 242 F.R.D. 338, 340 (W.D. Pa., 2007), the Court stated that "[t]he party asserting work product protection has the burden of demonstrating that the documents were prepared in anticipation of litigation." (Citations omitted).  The *Nesselrotte* Court also pointed out that "[t]he fact that the documents sought for discovery do not include legal advice is 'as a matter of law, irrelevant provided ... they were prepared in anticipation of litigation.'" Id. (citation omitted).

As stated, we have found that Defendant Regis has met it burden of showing that its Claims Notes were all prepared in anticipation of Plaintiff's lawsuit and the trial, and as such, they are protected from disclosure even though they do not all include legal advice.  In fact, many Notes

contain mental impressions, opinions and trial defense strategies of Regis's representatives regarding Plaintiff's case.  *See Nesselrotte, supra.*

Moreover, we do not find that Defendant Wella has sufficiently shown that it has a substantial need of Defendant Regis's Claims Notes to prepare its case and that the information in Regis's Claims Notes file could not be obtained from any other source.  We find that simply based on Karlstad's testimony during his deposition that he does not recall some relevant facts but that they are contained in the Claims Notes, does not suffice to defeat the work product privilege Defendant Regis has shown applies.  We find that Defendant Wella and Plaintiff should be able to obtain much of the information in Regis's Claims Notes from other means, including their own investigations and interviews with witnesses.  Thus, we find that Defendant Wella, as well as Plaintiff, have not shown a substantial need for the 69 pages of documents in Regis's Claims Notes.  The 69 pages clearly contain mental impressions, conclusions, opinions, and legal theories of counsel and representatives of Regis regarding Plaintiff's litigation.

Accordingly, we will deny Defendant Wella's request for the 69 pages of Defendant Regis's Claims Notes.

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: April 19, 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE WELCH, Parent and Natural Guardian of C. W., a Minor, | : | CIVIL ACTION NO. **4:CV-09-2437** |
| | : | |
| | : | (Chief Judge Kane) |
| Plaintiff | : | |
| | : | (Magistrate Judge Blewitt |
| v. | : | |
| | : | |
| REGIS CORPORATION, | : | |
| | : | |
| Defendant/Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE WELLA CORPORATION, | : | |
| | : | |
| Third-Party Defendant | : | |

## ORDER

AND NOW, this 19th day of **April, 2011**, **IT IS HEREBY ORDERED THAT** Defendant Wella's request for the 69 pages of Defendant Regis's Claims Notes is **DENIED.  IT IS ALSO ORDERED THAT** Defendant Regis is directed  to provide Defendant Wella and Plaintiff with its revised Privilege Log regarding its Claims Notes within **five (5) days** of the date of this Order.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: April 19 2011

11